86 F.3d 1177
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Timothy N. HUNTER, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 96-3004.
 United States Court of Appeals, Federal Circuit.
 May 13, 1996.
 
 Before MICHEL, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and LOURIE, Circuit Judge.
 
 PER CURIAM
 
 1
 Timothy N. Hunter appeals from the August 1, 1995 decision of the Merit Systems Protection Board (Board), No. DC-0752-95-0567-I-1, dismissing his appeal for lack of jurisdiction. That decision became final 35 days later, no petition for review having been filed with the full Board. 5 C.F.R. § 1201.113 (1995). The appeal was submitted for decision on the briefs on May 8, 1996.
 
 
 2
 The Administrative Judge (AJ) rejected both grounds of jurisdiction urged by Hunter. First, the AJ concluded that, while Hunter did fall within the general definition of "employee" for purposes of appeal at 5 U.S.C. § 7511(a)(1)(B), he was barred from appealing his removal to the Board by the specific exclusion from "employee" status that is set out at 5 U.S.C. § 7511(b)(6). We discern no error in this conclusion. Second, the AJ concluded that, although Hunter could have chosen to appeal an Office of Special Counsel decision on his whistleblowing claim to the Board under 5 U.S.C. §§ 1214(a)(3) and 1221(a), he elected instead to file a grievance on the whistleblowing claim with the Foreign Service Grievance Board. As the AJ observed, section 4139(b) of Title 22 makes this election of remedies "final" and divests the Board of jurisdiction. Again, we discern no error in the AJ's conclusion regarding the effect of Hunter's election of remedies. Because Hunter has failed to demonstrate that the Board erred in dismissing his appeal for lack of jurisdiction, we affirm.